**69 So.2d 737**

**JOHN v. JOHN.**

**No. 40976.**

Dec. 14, 1953.

Rehearing Denied Jan. 11, 1954.

Durrett & Hardin, Baton Rouge, for plaintiff-appellee.

Miriam Attaya, Donaldsonville, for defendant-appellant.

Jesse Hunter Inman, Baton Rouge, for exceptor.

FOURNET, Chief Justice.

Mrs. Rosalie Hannie John having obtained a judgment of divorce (based on two year separation) against Camille G. John, in which she was awarded custody of the two minor children born of the marriage (Beverly Marie and George Camille John, ages 8 and 9 respectively at the time of trial), and ordering him to pay $100 a month alimony for the support of the children, the husband has appealed suspensively from that portion of the judgment awarding the alimony.

The appellant does not question that the needs of the children fully justify the amount awarded for their support by the trial judge. His sole complaint is that the evidence fails to show he is able to pay this amount, and, in his argument both orally and in brief, he suggests that $50 a month would be in keeping with his salary and ability to pay. On this phase of the case the transcript is very meager, consisting entirely of the testimony of the husband and wife. He stated his total earning capacity is $150 a month as a part time employee of the Kleinpeter Creamery, where he works three days a week. From this amount his employer is authorized to deduct the sum of $75 in repayment of an outstanding loan of $400. The remainder of his time is consumed in managing a dairy farm for his sister. As compensation he is to receive 25% of the profits, but during the two year period the farm has been in operation, it has been a losing proposition. He also testified he had contributed to the maintenance of his children to the limit of his ability, in that he had authorized the two brothers of Mrs. John, who owed him money, to pay this amount to his former wife.

Mrs. John admitted she received money from her brothers, with which she supported the children during the period of the separation, but she denied these amounts had been given her in repayment of a debt due her husband. In so far as she knew, they were contributions by her brothers toward her support. She further testified that her husband had made good money during their marriage, never earning less than $1,000 a month, and that since their separation he had on numerous occasions bragged about the amount he was making

at the farm, on occasions showing her $500 checks which he claimed represented revenue for a two-week period of operation. She also testified that this property had been placed in his sister's name for convenience only, the farm actually being the property of the defendant, and, in fact, named for their daughter, Beverly Marie.

The testimony of the husband is not only in direct conflict with that of the wife, but is totally uncorroborated. In fact, some of his testimony is corroborative of that of his wife. He admitted that feed used on the dairy farm had been purchased in his name and a judgment therefor secured against him, and while he produced in court a letter addressed to him by Kleinpeter, showing authorization for the $75 monthly deduction, he failed to produce any evidence to establish his claim that the farm was not in fact his, or that it was actually a losing proposition.

■■ Having failed to produce evidence available to him in corroboration of some of the disputed testimony, the presumption, under our well settled jurisprudence, is that such evidence, if produced, would not only be uncorroborative, but would be contrary to his testimony. See Bates v. Blitz, 205 La. 536, 17 So.2d 816; Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369; Fried v. Bradley, 219 La. 59, 52 So.2d 247.

■ Since this case was argued, submitted for decision, and the opinion written, there has been filed in this court, and without permission having been first obtained, a brief purportedly in support of exceptions of no cause and no right of action (which were filed neither in the lower court nor here) by Jesse Hunter Inman, ostensibly on behalf of the defendant-appellant but apparently without authority inasmuch as Mr. Inman was not an attorney of record in the lower court and has not been made an attorney of record in this court.

This brief is inartistically drawn and is confusing, but it would appear that the argument sought to be advanced is that Mrs. John was without a right or cause to seek alimony for her children in this suit, being relegated to a separate suit after she has secured a divorce and been awarded custody of the children, since the husband is the natural tutor of the children and is alone authorized to appear on their behalf in court prior to divorce. Such argument is not only unsound, but, in view of the circumstances under which this brief was filed, is entitled to no consideration.

The judgment appealed from is affirmed at appellant's cost.